*United States v. Donaldson*
No. 97-80726

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PATRICE DONALDSON

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Case No. 97-80726
Civil No. 05-70697

Honorable Arthur J. Tarnow
United States District Judge

## ORDER GRANTING PETITIONER'S
## MOTION FOR CERTIFICATE OF APPEALABILITY [DE 296]

Before the court is Petitioner's motion for certificate of appealability [DE 296]. For the reasons that follow, Petitioner's motion for certificate of appealability will be GRANTED.

The Court denied petitioner's petition for writ of *habeas corpus* on January 27, 2006. *See Memorandum Opinion and Order* [DE 293, DE 295 and DE 3 in Case No. 05-70697]. An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253 (c)(1)(A).; Fed. R. App. P. 22(b). The United States Supreme Court has stated the applicable standard as follows:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

In his motion to vacate, Petitioner argued that his trial counsel was ineffective for failing to object to several instances of prosecutorial misconduct. Petitioner's prosecutorial misconduct

*United States v. Donaldson*
No. 97-80726

claims have already been rejected by the Sixth Circuit. *United States v. Donaldson*, 110 Fed. Appx. 603, 2004 WL 2203589, 2004 U.S. App. LEXIS 20411 (6th Cir. 2004) (unpublished). In its order denying the petition for *habeas corpus*, this Court held that Petitioner could not establish "highly exceptional" circumstances justifying relitigation of his prosecutorial misconduct claims. Petitioner's ineffective assistance of counsel claim was based on counsel's failure to object to the alleged instances of prosecutorial misconduct. Therefore, the Court held that Petitioner could not establish prejudice.

In denying Donaldson's petition for writ of *habeas corpus*, this Court noted that claims of ineffective assistance of counsel generally are not cognizable in a direct criminal appeal because the record is inadequate to permit review. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Combs*, 369 F. 3d 925, 940 (6th Cir. 2004). The Sixth Circuit did not address Petitioner's ineffective assistance of counsel claims on direct appeal.

Although Petitioner was not able to convince this Court that there are "highly exceptional" circumstances justifying relitigation of his prosecutorial misconduct claims, the Court finds that Petitioner could convince the Sixth Circuit that such circumstances exist. In other words, reasonable jurists could disagree with this Court's holdings. Therefore, the Court certifies the following issue for appeal:

• Whether Petitioner was denied effective assistance of trial counsel.

Based on the foregoing, the Court hereby GRANTS Petitioner a Certificate of Appealability pursuant to 28 U.S.C. § 2253.

SO ORDERED.

Date: February 17, 2006                          s/Arthur J. Tarnow
                                                 Arthur J. Tarnow
                                                 United States District Judge